# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | Bankr. No. 18-21866GLT |
| ) | |
| MARVA L. FLORENCE-CURETON, ) | Chapter 13 |
| ) | |
| Debtor ) | Document no. |
| ) | |
| MARVA L. FLORENCE-CURETON,, ) | Hearing Date: February 12, 2020 |
| ) | 10:00 a.m. |
| Movant ) | |
| ) | |
| v. ) | |
| ) | |
| CHECK INTO CASH and ) | |
| RONDA J. WINNECOUR, TRUSTEE, ) | |
| ) | |
| Respondents ) | |

## ORDER CONFIRMING CHAPTER 13 SALE OF PROPERTY
## FREE AND DIVESTED OF LIENS

AND NOW, this ____ day of _____ 2020, on consideration of the Debtors' Motion to Sell Personal Property Free and Clear Liens Pursuant to L.R. Bankr. P. 6004-2 to _____ for _____ after hearing held in Courtroom D, 54th Floor, 600 Grant Street, Pittsburgh, PA, the Court finds the following:

(1) That service of the Notice of Hearing and Order setting hearing on said Motion for sale of real property free and divested of liens of the above named Respondents, was effected on the following secured creditors whose liens are recited in said Motion:

| DATE OF SERVICE | NAME OF LIENOR | SECURITY |
|---|---|---|
| January 17, 2020 | Check Into Cash<br>16044 State Rte. 170<br>East Liverpool, OH 43920 | 2006 Honda Accord |
| January 17, 2020 | Ronda J. Winnecour<br>Suite 3250, USX Tower<br>600 Grant Street<br>Pittsburgh, PA 15219 | N/A |

i

(2) That sufficient general notice of said hearing and sale, together with the confirmation hearing thereon, was given to the creditors and parties in interest by the moving party as shown by the certificate of serviced duly filed and that the named parties were duly served with the Motion.

(3)     EASI filed on January 30, 2020.

(4) That at the sale hearing the highest/best offer received was that of the above Buyer and no objections to the sale were made which would result in cancellation of said sale.

(5) That the price of $_____ offered by _____ was a full and fair price for the property in question.

(6) That the Buyer has acted in good faith with respect to the within sale in accordance with *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F2d.143 (3d Cir. 1986).

Now therefore, IT IS ORDERED, ADJUDGED AND DECREED, that the sale of the personal property described as 2006 Honda Accord Sedan VIN 1HGCM66596A067370 hereby CONFIRMED to_____ for $_____ free and divested of the above recited liens and claims, and, that the Movants are authorized to make, execute and deliver to the Buyer above named the necessary deed and/or other documents required to transfer title to the property purchased upon compliance with the terms of sale;

IT IS FURTHER ORDERED, that the above recited liens and claims, be, and they hereby, are, transferred to the proceeds of sale, if and to the extent they may be determined to be valid liens against the sold property, that the within decreed sale shall be free, clear and divested of said liens and claims;

IT IS FURTHER ORDERED, that the following expenses/costs shall immediately be paid at the time of closing. Failure of the closing agent to timely make and forward the disbursements required by this Order will subject the closing agent to monetary sanctions, including among other things, a fine or the imposition of damages, after notice and hearing, for failure to comply with the above terms of this Order. Except as to the distribution specifically authorized herein, all remaining funds shall be held by Counsel for Movants pending further Order of this Court after notice and hearing.

(1) The following liens(s)/claim(s) and amounts:

    A.  Check into Cash will be paid $1,530.41, representing payment in full, at the time of closing.

(2) Chapter 13 Trustee "percentage fees" in the amount of $30.05 payable to "Ronda J. Winnecour, Ch. 13 Trustee, P. O. Box 2587, Pittsburgh, PA 15230";

(3) The Court filing fee of $181.00 payable to the Movant/Debtor;

(4) The Court approved attorney fees of $220 payable to Stanley A. Kirshenbaum, P.O. Box 8150, Pittsburgh, PA 15217;

(5) Any remaining funds for the Debtor's exemption pursuant to 11 U.S.C. §522(d)(2), not to exceed $2,225 payable to Mara L. Florence-Cureton;

(6) Other:_____.

IT IS FURTHER ORDERED that:

(a) Within seven (7) days of the date of this Order, the Movants/Plaintiffs shall serve a copy of the within Order on each Respondent/Defendant (i.e., each party against whom relief is sought) and its attorney of record, if any, upon any attorney or party who answered the motion or appeared at the hearing, the attorney of the Debtor, the Closing Agent, the Buyers, and the attorney for the Buyers, if any, and file a certificate of service.

(b) Closing shall occur within fifteen (15) days of this Order.

( c) Within seven (7) days following closing, the Movant/Debtor shall file a Report of Sale;

(d) Buyer shall be responsible for the fees and costs for transferring the title and registering the vehicle;

(e) Within twenty days following the closing, Movant/Debtor shall file an Amended Chapter 13 Plan, and;

(f) This Sale Confirmation Order survives any dismissal or conversion of the within case.

By the court:

_____
Gregory L. Taddonio
United States Bankruptcy Judge